MANATT, PHELPS & PHILLIPS, LLP
SUSAN E. HOLLANDER (Bar No. CA 133473)
E-mail: shollander@manatt.com
LAURA FRANCO (Bar No. CA 186765 )
E-mail: lfranco@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
E-mail: swollman@manatt.com
JONATHAN M. EISENBERG (Bar No. CA 184162)
E-mail: jeisenberg@manatt.com
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4245

Attorneys for *Plaintiffs*
ADP OF NORTH AMERICA, INC. and ADP, INC.

**E-filed 2/2/06**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADP OF NORTH AMERICA, INC., a Delaware Corp., ADP, INC, a Delaware Corp.<br><br>Plaintiffs,<br><br>vs.<br><br>NOVELTYPAYCHECKSTUBS.COM, a business entity of unknown type; EXPRESS INFO, a Florida corporation; MICHAEL D'ANGELO VINCENT (a/k/a MICHAEL VINCENT D'ANGELO), an individual; ANGELO BOSCO VITO, an individual; and CHRISTINE WAGENFUEHRER, an individual;<br><br>Defendants. | No. C 05-04435 (JF)<br><br>[~~PROPOSED~~] STIPULATED PERMANENT INJUNCTION |

Plaintiffs ADP of North America, Inc. and ADP, Inc. (collectively, "ADP" or "Plaintiffs"), and defendants NoveltyPayCheckStubs.com, Express Info, Michael D'Angelo

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1                                                                        INJUNCTION

Vincent (a/k/a Michael Vincent D'Angelo) and Angelo Bosco Vito (a/k/a Vito Angelo Bosco) collectively, "Defendants"), agree and stipulate to the entry of a permanent injunction (the "Injunction") against Defendants and in favor of ADP as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1367, in that some claims arise under federal law and there is supplemental jurisdiction over the state law claims.

2. Defendants have consented to personal jurisdiction in this Court and venue in this District. Venue is proper because a substantial portion of the events or omissions giving rise to the claims herein occurred in this District.

## BACKGROUND

3. ADP is one of the largest providers of computerized payroll, transaction processing, data communications and other information-based services and business solutions in the United States and the world. With more than $8 billion in revenues, ADP serves approximately 550,000 clients throughout the United States and the world.

4. ADP has used the trademark ADP in commerce to identify its goods and services since the early 1960s and has acquired broad common law rights in the mark. ADP owns all right, title and interest in and to the valid and subsisting mark ADP, in connection with computerized payroll, transaction processing, data communications and other information-based services.

5. ADP is the beneficial owner of with the right to enforce the following federal trademark and service mark registrations and applications (collectively referred to as "the ADP Marks"):

 (a) ADP & Design (Reg. No. 2,338,000) in Class 9 for computer hardware; computer software for use in payroll processing, unemployment compensation management, employee time and attendance record keeping, employee leasing, pension record keeping, electronic commerce, human resources management, employee benefits administration, payroll tax

deposit filing and reporting, accounting, and business management; computer software for use in securities brokerage transaction processing and communications with investors; computer software for use by automobile and truck dealers and manufacturers for accounting, inventory control, factory communications, scheduling, leasing, sales, servicing, marketing, credit processing, and collision repair estimating; computer software for use in vehicle collision repair estimating, vehicle valuation, location of vehicle replacement parts, and evaluating medical claims and worker's compensation claims arising from vehicle collisions, computer software for use in evaluating homeowner property loss claims; in class 35 for providing computing, data, and professional services to employers, namely, payroll processing, tax deposit filing and reporting, human resources management, employee time and attendance record keeping, employee leasing, and business management consulting; providing computing, data, and professional services to automobile and truck dealers and manufacturers, namely, management consulting in the fields of accounting, inventory control, factory communications, scheduling, leasing, sales, servicing, marketing, credit processing, and collision repair estimating, communications with investors, namely, managing and processing of shareholder proxy voting and in class 36 for providing computing, data, and professional services to employers, namely, benefits administration, pension record keeping, and unemployment compensation management services; providing securities brokerage services, namely, securities transaction processing, provision of market data, communications with investors, and foreign exchange and money market information and trading services; providing vehicle collision claims services, namely, repair estimating, vehicle valuation, location of replacement parts, and evaluation of medical claims and worker's

compensation claims; processing estimates for homeowner property loss claims; and

    (b)    ADP & Design (Reg. No. 1,133,370) in Class 42 for data processing services.

6. Each of the registrations for the ADP Marks are valid and subsisting in full force, unrevoked, and uncancelled.

7. On or around June 15, 2005, Defendants registered the Internet domain name *noveltypaycheckstubs.com* and established an Internet business that has operated there. Specifically, at the *noveltypaycheckstubs.com* site (as of November 2, 2005), Defendants have offered for sale and sold "authentic looking [paycheck] stubs" that "will definitely fool anyone."

8. Until November 7, 2005, the website home page prominently featured an image of an ADP earnings statement bearing the mark "ADP." When the home page was in that form, an arrow pointing to the image contained the text, "It's so easy to get started!" By clicking on the arrow, a user was then prompted to begin the process of obtaining a fake earnings statement. The image of the ADP earnings statement bearing the mark ADP thus lured visitors to the site into purchasing the fake earnings statements.

9. On or around November 1, 2005, ADP filed against Defendants a complaint entitled *ADP of North America, Inc. v. NoveltyPayCheckStubs.com* in the U.S. District Court, Northern District of California. The complaint states causes of action for federal trademark infringement, federal false designation of origin, federal trademark dilution, California trademark dilution, common law unfair competition (passing off), and California unfair competition.

10. Plaintiffs and Defendants now desire to settle and release any and all claims, controversies, demands, actions, or causes of action they had, have, or may have against each other arising out of the events referred to and involved in this action.

## STIPULATION

11. Plaintiffs and Defendants have executed a Settlement Agreement as of January 15, 2006 (the "Settlement Agreement") and a Stipulation For Entry of Judgment (the "Judgment")

in favor of Plaintiffs and against Defendants, which Judgment Plaintiffs shall not file with this Court or otherwise apply to have entered as an order of this Court unless and until Defendants, or any of them, (i) violate the terms of this Agreement, (ii) breach any of the representations and warranties set forth below, all of which are material conditions of this Agreement, or (iii) violate the terms of the Injunction.

12. Defendants and their business partners, affiliates, parents, subsidiaries, officers, directors, employees, servants, representatives, agents, and attorneys, and all other persons or entities in concert or participation with or on behalf of them, past, present, and future, shall be permanently enjoined from:

 (a) Advertising, marketing, promoting, publicizing, offering for sale or lease, or selling or leasing – anywhere in the United States or on the Internet – any goods or services in connection with or under Plaintiffs' ADP trademarks (including but not limited to U.S. Trademark Reg. Nos. 2,338,000, 1,133,370 and 0,896,671, and common law rights), or any confusingly similar trademark, service mark, trade name, name, logo, symbol, Internet domain name, metatag, keyword, or vanity telephone number;

 (b) Using, displaying, counterfeiting, offering for sale or lease, or selling or leasing any ADP earnings statement(s) or any document(s) or item(s) confusingly similar thereto or suggestive thereof;

 (c) Falsely representing that Defendants or their goods or services are affiliated, connected, or associated with, or sponsored or endorsed by, Plaintiffs;

 (d) Passing off any goods or services as genuine ADP goods or services;

 (e) Engaging in any acts or series of acts which, individually or in conjunction, are designed to dilute, or have the effect of diluting, the distinctive quality of Plaintiffs' ADP Marks, by blurring, tarnishing, or otherwise diminishing the marks;

  (f) Engaging in any acts or series of acts which, individually or in conjunction, are designed to interfere with, or have the effect of interfering with, Plaintiffs' customer relationships, business relationships, business reputation, or goodwill;

  (g) Contesting or disputing in any litigation, arbitration, proceeding before the U.S. Patent and Trademark Office, or any similar proceeding, that Plaintiffs (or their successor(s) or assign(s)) are the exclusive owners of the ADP Marks (including but not limited to U.S. Trademark Reg. Nos. 2,338,000, 1,133,370 and 0,896,671 and common law rights) or that the ADP Marks are valid and enforceable; and

  (h) Assisting, aiding, or abetting any person or entity from engaging in any of the acts set forth in items (a) through (g, immediately above.

13. Defendants shall never make or allow to be made on any website that they own, operate or host, directly or indirectly, any depiction of, posting about, mention of or reference whatsoever to Plaintiffs, the ADP Marks, or Plaintiffs' goods, services, officers, directors or employees.

14. Defendants shall promptly destroy all items, including but not limited to documents and electronically-stored images, in Defendants' possession, custody or control, bearing the "ADP" logo or mark, and shall complete all such destruction and confirm same in writing to Plaintiffs by February 3, 2006.

15. Within two (2) calendar days after the date that this Injunction is entered as an order of the Court, Defendants shall cause to have sent to each of their business partners, affiliates, parents, subsidiaries, officers, directors, employees, servants, representatives, agents and/or attorneys, specifically including but not limited to Christine Wagenfuehrer, a copy of the Injunction. In the case of Ms. Wagenfuehrer, Defendants shall prepare and retain a proof of service and submit a copy of same to Plaintiffs within two (2) calendar days after notifying Ms. Wagenfuehrer of the Injunction as stated hereinabove.

16. Defendants' violation of this Injunction shall constitute contempt of court

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6    INJUNCTION

1  and Plaintiffs shall recover all reasonable costs and attorneys' fees expended in bringing a
2  contempt motion.
3        17.    The Court shall retain jurisdiction to enforce this permanent injunction.

4  Dated: January 27, 2006                          Manatt, Phelps & Phillips, LLP

By: /s/ Susan E. Hollander
    Susan E. Hollander
    Attorneys for *Plaintiffs*
    ADP OF NORTH AMERICA, INC. and
    ADP, INC.

Dated: January __, 2006

By: /s/
    Authorized Representative of
    NoveltyPayCheckStubs.com

Dated: January __, 2006

By: /s/
    Authorized Representative of Express Info

Dated: January __, 2006

By: /s/
    Michael D'Angelo Vincent (a/k/a Michael Vincent D'Angelo)

Dated: January __, 2006

By: /s/
    Vito Angelo Bosco (a/k/a Angelo Bosco Vito)

It is so **ORDERED**.

Dated: 2/2/06

By: /s/
    United States District Judge

40937513.4